# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

## COURT FILE NO.: CV – <u>16-CV-6664</u>

-----------------------------------------------------------------

ARMEN GEGAMIAN

               Plaintiff,                  **COMPLAINT**

    -against-

CAINE & WEINER COMPANY, INC.

               Defendant.

-----------------------------------------------------------------

For this Complaint, the Plaintiff, ARMEN GEGAMIAN by and through undersigned counsel, states as follows:

### <u>JURISDICTION</u>

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(b), 15 U.S.C. § 1692k(c), 15 U.S.C. § 1692k(d), 15 U.S.C. § 1692k(e), 15 U.S.C. § 1692k(f), and 15 U.S.C. § 1692k(g), 47 U.S.C. § 227.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this District because:

A. Defendant's collection communications were received by

Plaintiff in this district;

B.  Defendant does or transacts business in this district;

C.  Plaintiff resides in this district.

## **PARTIES**

4.  The Plaintiff, ARMEN GEGAMIAN ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a *"consumer"* as the term is defined by 15 U.S.C. § 1692a(3).

5.  The Defendant, CAINE & WEINER COMPANY, INC. (hereinafter *"CAINE"*), is a California business entity with an address at 21210 Erwin Street, Woodland Hills, California 91367; operating as a collection agency, and is a *"debt collector"* as the term  is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the *"Collectors"*) are individual collectors employed by CAINE and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  CAINE at all times acted by and through one or more of the Collectors, agents and/or employees.

## FACTUAL ALLEGATIONS

**A. CAINE Engages in Harassment and Abusive Tactics**

8.    At a time unknown to the Plaintiffs, a personal debt was allegedly incurred by the

Plaintiff for some past due bills, thus arising out of transactions that were

primarily for personal, family and household purposes.

9.    At a time unknown to the Plaintiff, the aforementioned debt was consigned,

placed or otherwise transferred to Defendant for collection.

10.   Sometime on or about March of 2016, Defendant repeatedly called Plaintiff in an

effort to collect a personal obligation alleged to be due by Plaintiff;

11.   After the Defendant's initial telephonic communication with the Plaintiff a

validation notice was sent to Plaintiff by Defendant.

12.   Defendant persisted in repeatedly and continuously calling Plaintiff on his

home, cellular telephone at a time and place that was inconvenient for Plaintiff.

13.   Defendant called Plaintiff during working hours on his cellular telephone.

14.   Defendant called Plaintiffs approximately two (2) times per day at least three (3)

times per week.

15.   Prior to reposting the debt to the 3 main credit reporting agencies Defendant not

investigate or properly validate the debt as required by the FDCPA nor FCRA.

16.   Defendants attempted to collect a debt which was not owed, or in the alternative if

an amount was owed, the Defendant attempted to collect a debt significantly higher than that which was owed.

**B. Plaintiff suffered Actual Damages**

17.   The Plaintiff has suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct.

18.   Indeed due to the unlawful collection tactics and improper reporting of a debt which was not properly validated and which was not owed, Plaintiff's credit has been adversely affected and he cannot obtain additional lines of credit due to the unlawful and unscrupulous actions of the Defendant.

19.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.**

20.   Defendant's conduct violated the FDCPA in multiples ways, including but not limited to, the following:

21.   Engaging in conduct the natural consequences of which is to harass, oppress or abuse Plaintiff in connection with the debt plaintiff does not owe in violation of 15 U.S.C. § 1692 (d).

22.   Contacting the Plaintiffs at a place and during a time known to be inconvenient for the plaintiff in violation of 15 U.S.C. § 1692 c (a)(1).

23.    Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692 (F).

24.    Misrepresenting the amount of debt  in violation of 15 U.S.C. § 1692(e)(2);

25.    Collecting an amount not authorized by agreement or expressly not permitted by law in violation of 15 U.S.C. § 1692(f)(1).

26.    By causing the phone to ring and engaging Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692(d)(5).


## <u>COUNT II</u>
## <u>VIOLATIONS OF THE FCRA 15 U.S.C. § 1681, ET SEQ.</u>

27.    Defendant's conduct violated the FCRA in multiples ways, including but not limited to, the following:

28.    Reporting informaon to credit reporting agencies with actual knowledge of errors and/or scienter in violation of 15 U.S.C. § 1681;

29.    Reporting information after notice and confirmation of errors in violation of 15 U.S.C. § 1681.

30.    Failing to correct and update the information provided to the credit reporting agencies in violation of 15 U.S.C. § 1681.

31.    Failing to provide notice of dispute in violation of 15 U.S.C. § 1681.

32.    Failing to provide notice to consumer (Plaintiff) in violation of 15 U.S.C. § 1681.

33.    Failing to include a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer

protection agency or a State attorney general (or the equivalent thereof) to learn of those rights  in violation of 15 U.S.C. § 1681.

34.   Failing to provide a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer in violation of 15 U.S.C. § 1681.

35.   Failing to conduct an investigation with respect to the disputed information in violation of 15 U.S.C. § 1681.

36.   Failing to review all relavent information provided by the credit reporting agency in violation  of 15 U.S.C. § 1681.

37.   Failing to report the result of its investigation to the credit reporting agency in violation of 15 U.S.C. § 1681.

## **TRIAL BY JURY**

34.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. § 1681-n.

- for an award of reasonable attorneys fees and the costs of litigation pursuant to 15 U.S.C. § 1681-n.

- for an award of actual damages pursuant to 15 U.S.C. § 1681-n.

- for an award of actual damages pursuant to 15 U.S.C. § 1681-o.

- for an award of attorney's fees and costs of litigation pursuant to  15 U.S.C. § 1681-o.

- for such other and further relief as may be just and proper.


Dated: September 19, 2016

Respectfully submitted,


____/s/ Mikhail Usher_____
Mikhail Usher, Esq.
USHER LAW GROUP, PC.
Attorneys for Plaintiff
2711 Harway Avenue
Brooklyn, NY 11214
Telephone:  (718) 484-7510
Facsimile:   (718) 865-8566
musheresq@gmail.com